UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CRAWFORD PHARMACIES; dba CARE PHARMACY/ORANGE GROVE; dba JOURDANTON PHARMACY; dba CRAWFORD PHARMACY/FLORESVILLE; dba CRAWFORD PHARMACY/POTEET; dba CRAWFORD PHARMACY/LYTLE; dba BANDERA SUPER S PHARMACY; dba CARE PHARMACY/MATHIS, | § § § § § § § § § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-08-12 |
| | § | |
| AMERISOURCEBERGEN DRUG CORPORATION, *et al*, | § § § | |
| Defendants. | § § | |

**REMAND ORDER**

On this day came on to be considered Plaintiff's Motion to Remand.  (D.E. 12.)  For the

reasons discussed below, Plaintiff's motion is GRANTED.  Pursuant to 28 U.S.C. §1447(c), the

Court REMANDS this action to the 156th Judicial District of the District Court of San Patricio

County, Texas, where it was originally filed as cause number S-07-5992CV-B.

I.      **Factual and Procedural Background.**

A.      **Plaintiff's State Court Petitions.**

On November 7, 2007, Plaintiff filed its original petition in the 156th Judicial District

Court of San Patricio County, Texas, naming as Defendant AmerisourceBergen Drug

Corporation ("ABC").  (D.E. 1, Ex. B (Original Petition).)  In its petition, Plaintiff alleged that,

on or around September 2002, Plaintiff entered into an agreement with Defendant ABC, in which

Defendant agreed to supply Plaintiff with "prescription and over-the-counter pharmaceuticals, nutritional, health and beauty care and home health care products." (Id., ¶ 7.)  Plaintiff claimed that, on October 15, 2007, Defendant ABC sent Plaintiff a demand letter, alleging that Plaintiff had breached the agreement by failing to pay Defendant various amounts totaling $1.3 million. (Id., ¶ 8.)  Plaintiff requested a declaratory judgment "to establish the amounts owed under the agreement and the parties' obligations under same."  (Id., ¶ 10.)  Plaintiff also requested an accounting "of the amounts paid and owed, products received and returned, refunds or rebates applied and/or denied, and whether any interest or penalties have been assessed or charged on any and all accounts with [ABC] pursuant to the parties' agreements." (Id., ¶ 12.)

On December 13, 2007, Plaintiff filed its first amended original petition with the court. (D.E. 1, Ex. B (First Amended Original Petition).)  Plaintiff added, as a Defendant, Laird E. Leavoy, Vice-President of Strategic Accounts for ABC.  (Id., ¶ 4.)  Plaintiff also added a breach of contract claim against Defendant ABC, and a negligent misrepresentation claim against both Defendants ABC and Leavoy.  (Id., ¶¶ 14-24.)

**B.      Defendants' Notice of Removal.**

On January 11, 2008, Defendants filed a notice of removal with this Court.[1]  (D.E. 1.) Defendants claim, in their notice of removal, that federal subject matter jurisdiction exists pursuant to 28 U.S.C. §1332(a), diversity of citizenship.  Defendants set forth the citizenship of each party as follows:

> (1)      Plaintiff is a sole proprietorship owned and operated by Dennis Crawford, an individual domiciled is in Texas.  Plaintiff is, thus, a citizen of Texas.

---

[1]      Plaintiff served ABC and Leavoy with process on December 14, 2007, and December 28, 2007, respectively.  (D.E. 1, Ex. A.)  Thus, Defendants' Notice of Removal was timely filed within the thirty day period prescribed by 28 U.S.C. § 1446(b).

> (2)     Defendant, ABC, is incorporated in Delaware and has its principal place of business in Pennsylvania.  ABC is, thus, a citizen of both Delaware and Pennsylvania.
>
> (3)     Defendant Leavoy is an individual domiciled in Texas.  Leavoy is, thus, a citizen of Texas.

(Id., ¶¶ 5-7.)

Defendants acknowledge that Defendant Leavoy's presence destroys the complete diversity required by 28 U.S.C. §1332(a).  They argue, however, that Defendant Leavoy was fraudulently joined "in order to defeat diversity jurisdiction," and, thus, that Defendant Leavoy is not a proper party to this action.  (Id., ¶ 7.)  Specifically, Defendants argue that "Plaintiff's claims against Leavoy are not recoverable as a matter of law … [because] Plaintiff's negligent misrepresentation claim against Leavoy is barred … by the economic loss doctrine."  (Id.)

**C.     Defendants' Motion to Dismiss.**

On January 11, 2008, Defendants filed a motion to dismiss Plaintiff's claim for negligent misrepresentation.  (D.E. 2.)  Defendants argue, in their motion, that "[t]he economic loss rule precludes the recovery of economic losses in negligence when the loss is the subject matter of a contract between the parties."  (Id., ¶ 10.)  They assert that, because Plaintiff's "only alleged injury is the economic loss to the subject of a contract," Plaintiff's action sounds in contract alone, and Plaintiff is precluded as a matter of law from bringing a separate claim for negligent misrepresentation.  (Id., ¶ 12.)  They ask the Court to dismiss Plaintiff's negligent misrepresentation claim and, thus, Defendant Leavoy, from this action.  (Id., ¶ 14.)

**D.     Plaintiff's Motion to Remand.**

On February 8, 2008, Plaintiff filed a motion to remand.  (D.E. 12.)  Plaintiff argues, in its motion, that, contrary to Defendants' assertions, there exists a valid cause of action against Defendant Leavoy in state court.  (Id., ¶ 6.)  Specifically, Plaintiff argues that "the economic loss

doctrine does *not* defeat [Plaintiff's] claim against Leavoy because (1) he was not a party to the agreements between [Plaintiff] and AB Drug Corporation; and (2) [Plaintiff] seeks damages beyond the benefit of the agreements reached." (Id. (emphasis added).)  Plaintiff, thus, claims that Defendant Leavoy is a valid party to this action, and asserts that Defendant Leavoy's presence defeats federal subject matter jurisdiction.  (Id.)

## II.      Discussion.

### A.      Federal Subject Matter Jurisdiction.

"The doctrine of improper joinder is a 'narrow exception' to the rule of complete diversity, and the burden of persuasion on a party claiming improper joinder is a 'heavy one.'" Campbell v. Stone Ins., Inc., No. 07-30206, 2007 U.S. App. LEXIS 28197, *6-7 (5th Cir. Dec. 5, 2007) (quoting McDonal v. Abbott Labs., 408 F.3d 177, 183 (5th Cir. 2005); Griggs v. State Farm Lloyds, 181 F.3d 694, 701 (5th Cir. 1999)).  To prove improper joinder, the removing party must demonstrate: (1) actual fraud in the pleading of jurisdictional facts, *or* (2) the inability of the plaintiff to establish a cause of action against the non-diverse defendant in state court.  See Crockett v. R.J. Reynolds Tobacco Co., 436 F.3d 529, 532 (5th Cir. 2006) (citing Travis v. Irby, 326 F.3d 644, 646-47 (5th Cir. 2003)); see also Boone v. Citigroup, Inc., 416 F.3d 382, 388 (5th Cir. 2005).  Defendants have not alleged actual fraud in the pleading of jurisdictional facts in this case.  (D.E. 1.)  Thus, the Court need only analyze whether Plaintiff can establish a cause of action against Defendant Leavoy in state court.  See Crockett, 436 F.3d at 532.

To determine whether Plaintiff can establish a cause of action against Defendant Leavoy in state court, "the court must determine whether 'there is arguably a reasonable basis for predicting that state law might impose liability.'"  Campbell, 2007 U.S. App. LEXIS 28197 at *7 (quoting Ross v. Citifinancial, Inc., 344 F.3d 458, 462 (5th Cir. 2003)).  "'This means that there

must be a reasonable possibility of recovery, not merely a theoretical one.'"  Id.  "Further, the standard for evaluating a claim of improper joinder is similar to that used in evaluating a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Campbell, 2007 U.S. App. LEXIS 28197 at *7 (citing Ross, 344 F.3d at 462).  "The scope of the inquiry for improper joinder, however, is broader than that for Rule 12(b)(6) because the court may 'pierce the pleadings' and consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for the claim."  Campbell, 2007 U.S. App. LEXIS 28197 at *7-8 (quoting Ross, 344 F.3d at 462-463).  "In conducting this inquiry, the court 'must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff.'"  Campbell, 2007 U.S. App. LEXIS 28197 at *8 (quoting Travis v. Irby, 326 F.3d 644, 649 (5th Cir. 2003)).  "In addition, the Court must resolve all ambiguities of state law in favor of the non-removing party."  Id.

### B.      The Economic Loss Rule.

Defendants argue that Plaintiff cannot establish a cause of action against Defendant Leavoy in state court because Plaintiff's sole claim against Defendant Leavoy is barred by the "economic loss rule."  (D.E. 1, 2, 17.)  "It is well-settled under Texas law … that: 'When the injury is only the economic loss to the subject matter of a contract itself, the action sounds in contract alone.'"  Wismer Distrib. Co. v. Brink's, Inc., 202 Fed. Appx. 729, 731 (5th Cir. 2006) (quoting Jim Walter Homes, Inc. v. Reed, 711 S.W.2d 617, 618 (Tex. 1986)).  This principle, known as the "economic loss rule," "generally precludes recovery in tort for economic losses resulting from the failure of a party to perform under a contract."  Lamar Homes, Inc. v. Mid-Continent Casualty Co., No. 05-0832, 2007 Tex. LEXIS 797 (Tex. Aug. 31, 2007) (citing SW. Bell Tel. Co. v. DeLanney, 809 S.W.2d 493, 494-95 (Tex. 1991)).

The parties do not dispute that Defendant Leavoy is not a party to the contract between Plaintiff and Defendant ABC.  (D.E. 12, ¶ 7; D.E. 17 at 8.)  They do disagree, however, with respect to whether or not the economic loss rule applies to situations in which there is no contractual privity between the parties.  (D.E. 12, ¶ 7 (Plaintiff: "[B]ecause Leavoy was not a party to the agreements between Crawford and AB[C], the economic loss doctrine cannot bar the negligent misrepresentation claim against him."); D.E. 17 at 8 (Defendants: "The fact that Leavoy himself was not a party to the contract between ABC and Crawford does not prevent the economic loss doctrine from barring the negligent misrepresentation claim against Leavoy."))

Federal Courts applying the economic loss rule have consistently held that the rule does *not* apply in the absence of contractual privity.  See Elk Corp. v. Valmet Sandy-Hill, Inc., C.A. No. 3:99-cv-2298-G, 2000 U.S. Dist. LEXIS 3586, *8 (N.D. Tex. Mar. 21, 2000) (stating that the Court "[could ]not conclude that [the plaintiff's] claims [we]re clearly barred by the economic loss doctrine," where there was no contractual privity between the plaintiff and the defendant); Jackson v. Dole Fresh Fruit Co., 921 F. Supp. 454, 459 (S.D. Tex. 1996) ("Clearly, the [economic loss rule] is inapplicable to the Plaintiffs' tortious interference claim against [Defendant]. Because there is no contract between [Defendant] and the Plaintiffs, it can hardly be said that the duty [Defendant] allegedly breached arose from a contract."); Juarez v. Chevron USA, Inc., 911 F. Supp. 257, 260 (S.D. Tex. 1995) (finding that the economic loss doctrine did not apply in the absence of contractual privity, and explaining that "[i]t is problematic to say that Plaintiff's injury is only 'economic loss to the subject of the contract' or that Plaintiff's damages are entirely contractual in nature when the alleged tortfeasors were not parties to the [contract].").  Texas appellate courts, on the other hand, are divided with respect to whether or not contractual privity is required.  See Sterling Chems., Inc. v. Texaco Inc., *et al.*, No. 01-06-

00111-CV, 2007 Tex. App. LEXIS 8906, *16 (Tex. App. – Houston Nov. 8, 2007) (holding that the economic loss rule was applicable to, and precluded, plaintiff's negligent misrepresentation claim against a defendant who was not a party to the contract); Lyda Constructors, Inc. v. Butler Mfg. Co., 103 S.W.3d 632 (Tex App. – San Antonio 2003) (holding that the economic loss rule *was not* applicable to plaintiff's negligent misrepresentation claim against a defendant who was not a party to the contract).  And the Texas Supreme Court has not ruled with respect to whether or not contractual privity is necessary.  In light of this divergent case law, the Court finds that there is "'a reasonable basis for predicting that state law *might* impose liability.'"  Campbell, 2007 U.S. App. LEXIS 28197 at *7 (emphasis added) (quoting Ross, 344 F.3d at 462).  The Fifth Circuit has made clear that "[t]he removal statute is … to be strictly construed, and *any doubt* about the propriety of removal must be resolved in favor of remand."  Gasch v. Hartford Accident & Indem. Co., 491 F.3d 278, 281-282 (5th Cir. 2007) (emphasis added) (citing Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000); Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 366 (5th Cir. 1995)).

Because there exists a possibility that the economic loss rule does *not* preclude Plaintiff's negligent misrepresentation claim against Defendant Leavoy, and that Plaintiff may recover from Defendant Leavoy in state court, Defendant Leavoy cannot be said to have been fraudulently joined.  The Court, thus, finds that federal subject matter jurisdiction is lacking, and REMANDS this case to the Texas state court from which it was removed.

**III.    Conclusion.**

Based on the foregoing, the Court hereby REMANDS this action, pursuant to 28 U.S.C. §1447(c), to the 156th Judicial District of the District Court of San Patricio County, Texas, where it was originally filed as cause number S-07-5992CV-B.

SIGNED and ORDERED this 11th day of March, 2008.

Janis Graham Jack
United States District Judge